## Philip Aughenbough, plaintiff in error *against* Robert Johnston and Edward Johnston.

In trespass *quare clausum fregit*, an inofficial private survey is evidence to shew the extent of the party's possession.

WRIT of error to the Court of Common Pleas of Beaver county. The action was trespass *quare clausum fregit*, to which the defendant pleaded *non cul. et liberum tenementum.*

A bill of exceptions was sealed upon the trial as follows, by the president of the court.

On the trial of this action, the defendant offered in evidence to maintain the said issues, a private survey made at his request by           , comprehending the land whereon the trespass in this case is alledged to have been committed, as well as the dwelling house of the defendant, in which house he was settled and resided in the year 1796, and hath continued to reside since that period ; and prayed the court to admit the same survey as evidence to maintain the said issues.

To this the counsel for the plaintiffs did object ; for that it had appeared in evidence, that the defendant had in the year 1796, made an actual resident settlement on a certain tract of land containing 400 acres, which had been surveyed for Dr. William Shippen on the 14th March 1795, in pursuance of a warrant dated 14th April 1792, agreeably to an act of general assembly of this commonwealth, passed 3d April 1792, and is situated on the north and west of the rivers Ohio and Allegheny and Conewango creek ; and that the defendant having settled on such tract, being land by the same act of general assembly offered to sale to persons who will cultivate, improve, and settle the same, or cause the same to be cultivated, improved, and *settled, was circumscribed by the bounds of the survey [*318 so made in pursuance of the same warrant, and could not in virtue of his said settlement, derive title to any lands out of the limits of such survey, whether such settlement and improvement might enure to the benefit of the warrantee, or in default of the warrantee to the settler ; whereupon they prayed the court to overrule the testimony so offered. And the court sustained the objections to the said testimony so as aforesaid offered and overruled the same. To which opinion of the court so as aforesaid given, the counsel for the defendant did except, and prayed the said president and his associates to put their seals to the exceptions aforesaid, according to the form and effect of the statute in such case made and provided, which was done accordingly.                    SAMUEL ROBERTS, (L. S.)

Messrs. Foster and Campbell for the plaintiff in error. The material question on the trial was, which of the contending parties was in the actual possession of the disputed lands, at the

[Aughenbough, in Error, *v.* Johnston.]

time of the supposed trespass ?   Though a party may have an undoubted right in lands, yet he cannot support trespass against one having an actual adverse possession : he must entitle himself by a previous recovery in ejectment.   It is sufficient to inquire, whether the defendant below might not possibly obtain possession of the *locus in quo*.   It cannot be denied : possession and title are distinct in their nature.   It was not pretended on the trial, that the defendant came to the land or resided thereon under William Shippen, or that there was any privity between them.   He took possession as an actual settler, independently of Shippen or his lines ; nor did the plaintiffs claim under him, though they opposed that title to the defendant below.

There is a plain distinction between an official survey which vests a title to land, and an inofficial survey designating boundary.   The latter is an act *in pais*, equivalent to the marking of trees, to shew the extent of the party's claim.   If one settles on vacant lands, his possession will extend to a reasonable portion of the circumjacent country.   The objection made to the private survey is really this :   The defendant below had no legal right to the possession of the place in controversy, and therefore he was not in the actual possession thereof.

Mr. Sample for the defendants in error.

Actions of trespass on lands north and west of the rivers Ohio and Allegheny, differ from common suits of the same nature, for injuries done to other lands within the state.   Title and possession are synonymous under the act of 3d April 1792.   3 St. Laws, 209.   The latter accompanied by settlement, constitutes the in-*319] *cipiency of title, which is consummated by a duration of five years, and making certain improvements.   Here Dr. SHIPPEN's survey was made in 1795, and the plaintiff in error's possessions commenced in 1796.   If the latter came in under privity with the former, he is concluded by the lines previously run :  if he came in adverse to the former, without taking out a vacating warrant under the 9th section of the law of 1792, his improvements would enure to the use of the warrantee.   The defendants in error, claim a tract adjoining to SHIPPEN's survey, and had the possession thereof when the trespass was committed. The pretext for offering this private survey in evidence, is, that it shews the extent of the party's claim ; but under the guise of boundary, it was intended to confer title.   This it cannot possibly effect, being made without authority.   If the plaintiff in error did not choose to be circumscribed by the lines of SHIPPEN, and had come in adversely to him, he ought at least, as other actual settlers have uniformly done, to have applied to the deputy surveyor of the proper district, and procured him to survey, and mark out his lines, under the 9th section of the act.

*Per Cur.*   We unanimously think the private survey was over-ruled improperly.   The plaintiff in error, in an action of trespass, had a right to shew the extent of his possession : it certainly

[Miles, in **Error**, *v.* Rempublicam.]

goes beyond the spot where his house was built, or his fields were cleared. How far this evidence would have operated, it is impossible for us to say, as the title of the defendants in error is not disclosed upon the record : but if they even had a good title, they must have shewn on their parts an adverse possession of the premises, before they could legally recover in this form of action.

Judgment reversed.